UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY VOAG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHELLE FISH, et al.,<br><br>　　　　　Defendants. | CASE NO. C19-1588 MJP<br><br>ORDER ON MOTIONS TO DISMISS |

The above-entitled Court, having received and reviewed:

1. State Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 20), Reply in Support of State Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 24), and Second Reply in Support of State Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 33);

2. Defendant Marysville P.D.'s Rule 12 Motion to Dismiss (Dkt. No. 22);

3. Defendants Judge, Appel, Okrent, and Gwordske's Motion to Dismiss for Failure to State a Claim (Dkt. No. 23);

all attached declarations and exhibits, and relevant portions of the record,[1] rules as follows:

IT IS ORDERED that the motions are GRANTED; this matter is dismissed as to all moving Defendants.

**Discussion**

Although Plaintiffs' failure to respond to any of the motions to dismiss entitles the Court to presume that Plaintiffs admit that Defendants' motions have merit, the Court nevertheless articulates the following grounds for dismissal:

<u>Defendants Michelle Fish, Deanna Kazen, Mary Wethered, and Jasmine Alonso</u>

The Court agrees with these defendants that the most reasonable interpretation of Plaintiffs' complaint is that Defendants Fish, Kazen, Wethered, and Alonso are being sued in their official capacity. For purposes of a Section 1983 complaint such as that brought by Plaintiffs, neither a state nor its officials acting in their official capacities constitute a "person." <u>Will v. Michigan</u>, 491 U.S. 58, 64 (1989).

<u>Defendant Marysville Police Department</u>

The Court agrees with this defendant that the Marysville Police Department does not fit within the definition of a government entity which can be sued pursuant to RCW 4.96.010 or RCW 39.50.010. *See also* <u>Bradford v. City of Seattle</u>, 557 F.Supp.2d 1189, 1207 (W.D.Wash. 2008)(a police department is not a legal entity capable of being sued). Plaintiffs' Complaint contains only a vague, conclusionary allegation that Plaintiff Voag was "physically assaulted by Marysville P.D. because [Michelle Fish] lied to the police." Dkt. No. 5, Complaint. This is

---

[1] Plaintiffs filed no opposition to this motion, invoking the effects of Local Rule 7(b)(2): "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

insufficient: a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To prevail on a § 1983 claim against a municipality such as the City of Marysville, a plaintiff "must identify a municipal policy or custom that caused the plaintiff's injury." Hunter v. County of Sacramento, 652 F.3d 1225, 1232-33 (9th Cir. 2011). Plaintiff's complaint identifies no such policy or custom related to any injury she may have received.

Finally, RCW 4.96.020(4) directs that "[n]o action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof." Failure to strictly comply with statutory filing requirements leads to dismissal of the action. Reyes v. City of Renton, 121 Wn.App. 498, 502 (2004). This defendant represents (without contradiction) that Plaintiffs never served the City of Marysville with a tort claim.

Defendants Judge, Appel, Okrent, and Gwordske

The defendants are Snohomish County Superior Court judges (Judge, Appel, and Okrent) and a Snohomish County Sheriff's Deputy (Gwordske). The judges have all been sued in their official capacities. Dkt. No. 5, Complaint at 3, 4, and 6. Sheriffs acting in a law enforcement capacity are considered to be representing their state. McMillan v. Monroe County Alabama, 520 U.S. 781, 785 (1997).[2] As cited above, state officials sued in their official capacities are not "persons" within the meaning of § 1983 and are therefore protected from such suits by Eleventh Amendment immunity. Flint v. Dennison, 488 F.3d 816, 824-25 9th Cir. 2007).

---

[2] A county sheriff and his deputies have been held to be state actors for purposes of Eleventh Amendment immunity against civil rights lawsuits. Black Lives Matter – Stockton Chapter v. San Joaquin County Sheriff's Office, 398 F.Supp.3d 660 (E.D.Ca. 2019).

Further, as regards the Snohomish County judges, judicial immunity acts as an absolute bar to civil suits of this sort. Judicial immunity is not overcome by allegations of bad faith or malice.[3] Mireles v. Waco, 502 U.S. 9, 12 (1991).

## Conclusion

For the reasons cited in the preceding paragraphs, the Court finds that all the moving defendants are entitled to have the claims against them dismissed for failure to state a claim upon which relief may be granted. The claims against Defendants Marysville Police Department, Judge, Appel and Okrent will be dismissed with prejudice; there is no conceivable set of circumstances under which Plaintiffs could adequately plead a valid claim for relief against them. The dismissal against the remaining defendants will be without prejudice. Plaintiffs have not had a prior opportunity to amend their complaint and it has not been demonstrated to the Court's satisfaction that permitting Plaintiffs an opportunity to amend would be futile.

The clerk is ordered to provide copies of this order to Plaintiffs (by certified mail) and to all counsel.

Dated June 23, 2020.

Marsha J. Pechman
United States Senior District Judge

---

[3] These defendants have specifically denied any allegations that their judicial actions were undertaken in error, bad faith, or malice.